FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   SEP 27 2011   ★

LONG ISLAND OFFICE

UNITITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

WILLIAM GAZERRO, individually and on behalf of all other persons similarly situated who were employed by SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC., SCOTTO BROS. RESTAURANT, WESTBURY, INC., WESTBURY MANOR ENTERPRISES, INC., and D.V.V.A. CARLE PLACE RESTAURANT, INC., and/or other entities affiliated or controlled by SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC., SCOTTO BROS. RESTAURANT, WESTBURY, INC., WESTBURY MANOR ENTERPRISES, INC., and D.V.V.A. CARLE PLACE RESTAURANT, INC.,

Index No:

CV 11 4701

SEYBERT, J

WALL, M.J.

                                        Plaintiffs,

                      - against -

SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC., SCOTTO BROS. RESTAURANT, WESTBURY, INC., WESTBURY MANOR ENTERPRISES, INC., and D.V.V.A. CARLE PLACE RESTAURANT, INC., and/or other entities affiliated or controlled by SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC., SCOTTO BROS. RESTAURANT, WESTBURY, INC., WESTBURY MANOR ENTERPRISES, INC., and D.V.V.A. CARLE PLACE RESTAURANT, INC., and/or ANTHONY SCOTTO, and VINCENT SCOTTO individually,

CLASS ACTION
COMPLAINT

SUMMONS ISSUED

                                        Defendants.

-----------------------------------------------------------------------X

        Plaintiff, by his attorneys, VIRGINIA & AMBINDER, LLP and LEEDS, MORELLI & BROWN, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

1

## PRELIMINARY STATEMENT

1.    This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law §§ 663; New York Labor Law § 190 *et seq.*; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") § 146 *et seq.* on behalf of Plaintiff and a putative class of individuals who furnished labor to Defendants SCOTTO'S SMITHTOWN RESTAURANT CORP., SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC., SCOTTO BROS. RESTAURANT, WESTBURY, INC., WESTBURY MANOR ENTERPRISES, INC., and D.V.V.A. CARLE PLACE RESTAURANT, INC., (hereinafter "Scotto Bros.") and/or other entities affiliated or controlled by SCOTTO'S SMITHTOWN RESTAURANT CORP., SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC., SCOTTO BROS. RESTAURANT, WESTBURY, INC., WESTBURY MANOR ENTERPRISES, INC., and D.V.V.A. CARLEPLACE RESTAURANT, INC., and/or ANTHONY SCOTTO, individually (hereinafter collectively referred to as "Defendants") to recover unpaid wages and overtime wages, and other statutorily required compensation for work performed on behalf of Defendants by Plaintiffs and other members of the putative class.

2.    Defendants operate a business engaged in the food service, catering and restaurant industry at several locations in New York.

3.    Beginning in approximately September 2005 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

4.     Beginning in approximately September 2005, and upon information and belief, until the present, Defendants failed to provide Plaintiff with paystubs that correctly reflected the amount of hours worked, the rate of pay, the amount of deductions and all other information required by New York Labor Law § 195(3).

5.     Under the direction of Anthony Scotto, Defendants instituted the practice of depriving their employees of overtime compensation, at one and one-half times the regular rate for work performed in excess of forty (40) hours per week, as mandated by federal and state law.

6.     Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including overtime compensation that they were deprived of, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

7.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

8.     The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

9.     The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

10.    Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

11.    Plaintiff WILLIAM GAZERRO is an individual and resident of Oakdale, New York, who was employed by Defendants as a "Sales Manager" from approximately August 2008 to September 2009.

12.    Upon information and belief, Defendant SCOTTO BROS. WOODBURY RESTAURANT, INC., doing business as Fox Hollow ("FOX HOLLOW") is a domestic business corporation organized and existing under the laws of New York and authorized to do business in New York, with its principle place of business at 40 Crossways Park Drive, Woodbury, New York 11797, engaged in the restaurant and catering business.

13.    Upon information and belief, Defendant SCOTTO BRO. RESTAURANT, WESTBURY, INC., doing business as Westbury Manor ("WESTBURY MANOR") is a domestic business corporation organized and existing under the laws of New York and authorized to do business in New York, with its principle place of business at 40 Crossways Park Drive, Woodbury, New York 11797, engaged in the restaurant and catering business.

14.    Upon information and belief, Defendant., WESTBURY MANOR ENTERPRISES, INC doing business as Westbury Manor ("WESTBURY MANOR") is a

4

domestic business corporation organized and existing under the laws of New York and authorized to do business in New York, with its principle place of business at 1100 Jericho Turnpike, Woodbury, New York 11797, engaged in the restaurant and catering business.

15.    Upon information and belief, Defendant WOODBURY PARTNERS, LLC. doing business as the Inn at Fox Hollow ("Inn at Fox Hollow") is a domestic business corporation organized and existing under the laws of New York and authorized to do business in New York, with its principle place of business at 7755 Jericho Terrace, Woodbury, New York 11797, engaged in the restaurant and catering business.

16.    Upon information and belief, Defendant D.V.V.A. CARLE PLACE RESTAURANT, INC., doing business as Chateau Briand ("CHATEAU BRIAND") is a domestic business corporation organized and existing under the laws of New York and authorized to do business in New York, with its principle place of business at 40 Crossways Park Drive, Woodbury, New York 11797, engaged in the restaurant and catering business.

17.    Upon information and belief, Defendant ANTHONY SCOTTO is a resident of the State of New York at 40 Crossways Park Drive, Woodbury, New York 11797 and at all relevant times was an officer, director, and/or owner of Scotto Bros.

18.    Upon information and belief, Defendant VINCENT SCOTTO is a resident of the State of New York at 40 Crossways Park Drive, Woodbury, New York 11797 and at all relevant times was an officer, director, and/or owner of Scotto Bros.

19.    Upon information and belief, Defendants annual gross volume of sales made or business done is not less than $500,000.

5

## CLASS ALLEGATIONS

20.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 19 hereof.

21.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

22.     This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees who worked for Defendants as "Sales Managers" at all locations owned and operated by Defendants.

23.     Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207;

24.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

25.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, (1) whether Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week, and (2) whether Defendants provided proper paystubs with the required information. The claims of the named Plaintiff are typical of

6

the claims of the putative class members. Plaintiff and putative class members were all subject to Defendants' policies and willful practice of (1) failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week; and (2) failing to provide proper paystubs. The Plaintiff and putative class thus have sustained similar injuries as a result of Defendants actions.

26.     Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in complex wage and hour collective and class-action litigation.

27.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

**FACTS**

28.     Plaintiff alleges on behalf of himself and other similarly situated current and former "Sales Managers" who worked for or are working for Defendants, that they were not paid overtime compensation for all hours worked over 40 each week.

29.     Beginning in or about September of 2005 until the present, Defendants employed Plaintiffs and other members of the putative class as sales managers.

30.     Plaintiff William Gazerro worked for Defendants at the Fox Hollow location from August 2008 until September 2009. Plaintiff Gazerro typically worked five (5) to six (6) days per week as a "Sales Manager" and was paid a weekly rate of

7

approximately $1,400. Plaintiff Gazerro typically worked from 10:00 a.m. until 9:30 p.m., with a one hour lunch break.

31. Despite regularly working over 40 hours each week, Plaintiff Gazerro did not receive overtime compensation of 1 ½ times his regular hourly wage for all the hours he worked over 40 each week.

32. Upon information and belief, other sales managers similarly did not receive overtime compensation for the hours they worked over 40 each week.

33. While employed by Defendants as a sales manager, Plaintiff Gazerro job duties included providing tours for potential customers, explaining charges to customers, reviewing contract with customers and following the script and guidelines set by Defendants' management.

34. Defendants exercise extensive control over the means by which its sales managers explained the contract, spoke to the customers, provided tours and interacted with customers.

35. Despite this title of "sales manager," Plaintiff Gazerro did not manage any other employees and did not exercise discretion and independent judgment with respect to his primary duties.

36. Upon information and belief, Anthony Scotto and Vincent Scotto are officers, directors, and/or owners of Scotto Bros., and (1) had the power to hire and fire employees for any or all of those entities, (2) supervised and controlled employee work schedules or conditions of employment for any or all of those entities, (3) determined the rate and method of payment for employees at any or all of those entities, and (4) maintained employment records for any or all of those entities.

37.    Upon information and belief, Anthony Scotto and Vincent Scotto are the principles and owners of SCOTTO BROS., dominated the day-to-day operating decisions of any or all of those entities, and made major personnel decisions for any or all of those entities.

38.    Upon information and belief, Anthony Scotto and Vincent Scotto had complete control of the alleged activities of Scotto Bros. which give rise to the claims brought herein.

39.    Upon information and belief, Defendants Anthony Scotto and Vincent Scotto were supervisors, officers and/or agents of Scotto Bros., who acted directly or indirectly in the interest of Scotto Bros., and are employers within the meaning of the FLSA. Anthony Scotto and Vincent Scotto, in their capacity as officers, directors, shareholders, and/or presidents or vice presidents, actively participated in the unlawful method of payment for Scotto Bros. employees.

## FIRST CAUSE OF ACTION:

### FLSA OVERTIME WAGE COMPENSATION

40.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 38 hereof.

41.    Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above

9

specified at a rate not less than one and one-half times the regular rate at which he is employed."

42.    Pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

43.    Defendants Scotto Bros. constitute employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

44.    Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Anthony Scotto and Vincent Scotto constitute "employers" for the purpose of the FLSA and, consequently, are liable for violations of FLSA.

45.    Plaintiff and other members of the putative class are employees, within the meaning contemplated pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

46.    Plaintiff and other members of the putative class typically worked more than forty (40) hours in any given week.

47.    Plaintiff, and upon information and belief other members of the putative class, did not receive overtime compensation at a rate of one and one-half times the regular rate for all hours worked in excess of forty (40) in any given week.

48.    Defendants violated the FLSA by failing to pay Plaintiff and other members of the putative collective action earned overtime wages, at the rate of one and

one half times the regular rate of pay, for all time in which they worked in excess of forty (40) hours in any given week.

49.     29 U.S.C. §213 exempts certain categories of employees from minimum wage obligations.  None of these exemptions apply to Plaintiff or other similarly situated employees.

50.     Upon information and belief, the failure of Defendants to pay Plaintiff and other members of the putative collective action their rightfully-owed overtime compensation was willful.

51.     By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION:**

**<u>NEW YORK OVERTIME COMPENSATION</u>**

52.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 51 hereof.

53.     12 NYCRR §146-1.4 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

54.     New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

11

55.     Defendants SCOTTO BROS. are employers, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

56.     Anthony Scotto is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

57.     Vincent Scotto is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

58.     Plaintiff and other members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and 12 NYCRR § 146-3.2.

59.     Plaintiff and other members of the putative class typically worked more than forty hours in any given week.

60.     Plaintiff, and upon information and belief other members of the putative class, did not receive overtime compensation at a rate of one and one-half times the regular rate for all hours worked in excess of forty hours in any given week.

61.     Consequently, by failing to pay to Plaintiff and other members of the putative class overtime compensation, Defendants violated New York Labor Law Article 19 § 663 and 12 NYCRR § 146-1.4.

62.     Upon information and belief, Defendants' failure to pay overtime compensation to the Plaintiffs and members of the putative class was willful.

63.     By the foregoing reasons, Defendants have violated New York Labor Law Article 19 § 146-1.4 and are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION:

### NEW YORK IMPROPER PAY STUBS AND DOCUMENTATION

64.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 63 hereof.

65.     Pursuant to New York Labor Law §§ 198-1(d) and 195, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. According to that statute, Plaintiffs paystubs must include:   the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances ; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principle place of business and, if different, the employer's mailing address; and the employer's telephone number.

66.     According to New York Labor Law § 198-1(d), Plaintiffs are entitled to $100 for every paycheck they received that did not have a stub.

67.     Upon information and belief, Plaintiff and members of the putative class did not receive paystubs that accurately reflected their hours worked or the amount of deductions that were being taken from their wages.

68.     By the foregoing reasons, Defendants have violated New York Labor Law §§ 198-1(d) and 195 and are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants and/or any other entities affiliated with or controlled by the Defendants demand judgment:

(1)     on their first cause of action against Defendants, in an amount to be determined at trial plus liquidated damages, interest, attorneys' fees, and costs;

(2)     on their second cause of action against Defendants, in an amount to be determined at trial plus damages, interest, attorneys' fees, and costs;

(3)     on their third cause of action against Defendants, in an amount to be determined at trial plus damages, interest, attorneys' fees, and costs; and

(4)     such other and further relief as the Court may deem just and proper.

Dated: Carle Place, New York
        September 26, 2011

VIRGINIA & AMBINDER, LLP

Lloyd R. Ambinder, Esq.
Kara Belofsky, Esq.
James Murphy, Esq.
Trinity Centre
111 Broadway, 14th Floor
New York, New York 10006
(212) 943-9080

14

*and*

LEEDS, MORELLI & BROWN, P.C.
Jeffrey K. Brown, Esq.
1 Old Country Road
Carle Place, NY 11514
(516) 873-9550

*Attorneys for Plaintiff and the putative class*