UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
WILLIAM GAZERRO, individually and on behalf of all other persons similarly situated who were employed by SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC, SCOTTO BROS. RESTAURANT, WESTBURY, INC., WESTBURY MANOR ENTERPRISES, INC. and D.V.V.A. CARLE PLACE RESTAURANT, INC. and/or other entities affiliated or controlled by SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC, SCOTTO BROS. RESTAURANT, WESTBURY, INC., WESTBURY MANOR ENTERPRISES, INC. and D.V.V.A. CARLE PLACE RESTAURANT, INC.

11 CV 4701
(JS) (WDW)

                        Plaintiffs,

      -against-

SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC, SCOTTO BROS. RESTAURANT, WESTBURY, INC., WESTBURY MANOR ENTERPRISES, INC. and D.V.V.A. CARLE PLACE RESTAURANT, INC. and/or other entities affiliated or controlled by SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC, SCOTTO BROS. RESTAURANT, WESTBURY, INC., WESTBURY MANOR ENTERPRISES, INC. and D.V.V.A. CARLE PLACE RESTAURANT, INC., and/or ANTHONY SCOTTO, and VINCENT SCOTTO individually,

                        Defendants.

--------------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION**

                                        RIVKIN RADLER LLP
                                        Attorneys for Defendants
                                        926 RXR Plaza
                                        Uniondale, New York 11556-0926
                                        516-357-3000

On the Memorandum
Regina E. Faul, Esq.
Laura L. Shockley, Esq.
Scott R. Green, Esq.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

RELEVANT FACTS ........................................................................................................... 2

LEGAL ANALYSIS ............................................................................................................ 4

    I.    A COLLECTIVE ACTION IS NOT APPROPRIATE SINCE DEFENDANTS ARE NOT A JOINT EMPLOYER AND THERE WAS NO COMMON POLICY OR PLAN ............................................... 4

    II.    IF THE COURT FINDS A COLLECTIVE ACTION IS APPROPRIATE, IT SHOULD BE LIMITED TO THE EMPLOYEES OF FOX HOLLOW ............. 7

    III.    PLAINTIFF'S ALLEGATIONS ARE UNSUPPORTED BY FACTS AND ITS MOTION MUST BE DENIED IN ITS ENTIRETY ............................. 8

    IV.    PLAINTIFF'S PROPOSED NOTICE PERIOD IS OVERBROAD ..................... 10

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Ayers v. SGS Control Servs., Inc.,
  2004 WL 2978296 (2004) ......................................................................................................7

Barfield v. New York City Health & Hospitals Corp.,
  2005 U.S. Dist. LEXIS 28884 (S.D.N.Y. 2005) ...................................................................6

Diaz v. Electronic Boutique of America, Inc.,
  2005 U.S. Dist. LEXIS 30382 (W.D.N.Y. 2005) ..................................................................6

Doucoure v. Matlyn Food, Inc.,
  554 F.Supp.2d 369 (E.D.N.Y. 2008) .....................................................................................8

Espinoza v. 953 Associates, LLC,
  2011 WL 5574895 (S.D.N.Y. 2011) ..................................................................................8, 9

Guzman v. VLM, Inc.,
  2007 WL 2994278 (E.D.N.Y. 2007) ..................................................................................8, 9

Herman v. RSR Sec. Services Ltd.,
  172 F.3d 132 (2d Cir. 1999) ...................................................................................................5

McLaughlin v. Richland Shoe Co.,
  486 U.S. 128 (1998) .............................................................................................................10

Moeck v. Gray Supply Corp.,
  2006 U.S. Dist. LEXIS 511 (D.N.J. 2006) ............................................................................7

Morales v. Plantworks Inc.,
  2006 WL 278154 (S.D.N.Y. 2006) ........................................................................................6

Pippins v. KPMG, LLP,
  2012 WL 19379 (S.D.N.Y. 2012) ......................................................................................8, 9

Rosario v. Valentine Avenue Discount Store, Co., Inc.,
  828 F. Supp.2d 508, 2011 WL 5244965 (E.D.N.Y. 2011) ................................................8, 10

Walton v. United Consumers Club, Inc.,
  786 F.2d 303 (7th Cir. 1986) ...............................................................................................10

**STATUTES**

29 U.S.C. § 255(a) ....................................................................................................................10

**PRELIMINARY STATEMENT**

Defendants Scotto Bros. Woodbury Restaurant, Inc. ("Fox Hollow"), Woodbury Partners, LLC ("The Inn"), Scotto Bros. Restaurant, Westbury, Inc. ("Westbury Manor"),[1] D.V.V.A. Carle Place Restaurant, Inc. ("Chateau Briand") and Anthony Scotto, (collectively, the "Defendants") respectfully submit this memorandum of law, together with the supporting Declaration of Regina E. Faul, Esq., ("Faul Dec.") and accompanying affidavits[2] of David Gerin, sworn to on June 25, 2012 ("Gerin Aff.") (Exhibit A), Michael Maurantonio, sworn to on June 25, 2012 ("Maurantonio Aff.") (Exhibit B), Gennearo Tallerico, sworn to on June 25, 2012 ("Tallerico Aff.") (Exhibit C), Dan Waters, sworn to on June 25, 2012 ("Waters Aff."), (Exhibit D) and Thomas Wright, sworn to on July 2, 2012 ("Wright Aff.") (Exhibit E) in opposition to the motion by Plaintiff for conditional class certification.[3]

The instant motion for conditional class certification of a Fair Labor Standards Act ("FLSA") action must be denied as: (i) Plaintiff William Gazerro ("Gazerro" or "Plaintiff"), by affidavit (the "Gazerro Affidavit"), attempts to allege a particular denial of overtime pay by four catering facilities and one hotel (ie: Defendants Fox Hollow, Westbury Manor, Westbury Manor Enterprises, Inc., ("Westbury Manor II"), Chateau Briand, The Inn and/or other entities affiliated or controlled by the aforementioned entities, as well as Anthony Scotto individually) without any basis for asserting that Defendants should be jointly liable; (ii) the potential class of employees are employed by several separate and distinct entities; (iii) each of the Defendant entities have

---

[1] Westbury Manor was legally owned by Scotto Bros. Restaurant, Westbury, Inc. up through and including March 21, 2005 when the sale on the location was closed. Scotto Bros. Restaurant Westbury, Inc. did not own Westbury Manor or employ any employees after October, 2004. That Defendant only operated the location up through and including October 31, 2004. From November 1, 2004 forward, the location was operated by the purchasing entity. (See, Declaration of Regina E. Faul, Esq. at ¶4).
[2] The accompanying affidavits are annexed as Exhibits A-E to the Faul Dec.
[3] Prior to the submission of Opposition to the Motion for Conditional Certification and Notice to the Class, the action was Dismissed without Prejudice against Woodbury Partners, Inc. and Vincent Scotto. Those Defendants are no longer part of this litigation.

separate and distinct policies, practices and procedures; (iv) a class action cannot bind separate corporations and individuals where there is no evidence that they operate as a single employer; (v) Plaintiff fails to attach even one supporting declaration or affidavit that offers sufficient evidence to show that the Defendants are a single entity; (vi) Plaintiff fails to attach even one supporting declaration or affidavit from a potential class member in support of the claim; and (vii) despite a relatively modest evidentiary burden, Plaintiff has utterly failed to establish that he is "similarly situated" to the other putative FLSA class members. As such, Plaintiff's motion for conditional class certification must be denied in its entirety.

In sum, Plaintiff's motion argues that he is similarly situated to other potential plaintiffs, sharing a common factual nexus. See, Plaintiff's Memorandum of Law, Factual Background. This conclusory argument is erroneous and is not supported by the facts. Critically, Plaintiff's Complaint fails to allege any nexus between the Defendant entities named beyond referring to them collectively as "Defendants" or "Scotto Brothers". The Complaint does not allege that the separate and distinct corporate Defendants are owned, operated or managed by the same individuals. In light of the foregoing, Plaintiff's motion must be denied in its entirety.

## RELEVANT FACTS

Defendants are three individual, separate corporate entities that are the present and/or former owners of three distinct catering facilities that operate on Long Island. (Wright Aff., ¶4; Waters Aff., ¶4; Maurantonio Aff., ¶4). The corporate Defendants do not have identical owners and each has a different corporate president. Id. The corporate defendants do not co-mingle funds. The corporate defendants have different labor practices, for example, there is no uniformity at the individual catering facilities with respect to schedules, policies regarding breaks, recording time and other wage-hour practices. (Wright Aff., ¶7; Waters Aff., ¶4; Maurantonio Aff., ¶2). The corporate Defendants rely on General Managers to oversee the day-

2

to-day operations. (Wright Aff., ¶1; Waters Aff., ¶2; Maurantonio Aff., ¶2).  The respective General Managers at each facility handle day-to-day operations of any corporate Defendant. See, id.

As fully set forth in the accompanying Affidavits, each of the catering facilities is separately owned, and operated on a day to day basis by independent and distinct management teams, each headed by a general manager. (Wright Aff. ¶¶1, 4; Waters Aff. ¶¶ 2, 4; Maurantonio Aff. ¶¶ 2, 4).  The Inn is a hotel and is owned separately and operated separately from any other entity by an independent and distinct management team.  (Waters Aff., ¶¶4, 6).  Chateau Briand's General Manager is Thomas Wright; Fox Hollow's General Manager is Michael Maurantonio and The Inn's General Manager is Dan Waters.  (Wright Aff., ¶1; Maurantonio Aff., ¶2; Waters Aff., ¶2).  Chateau Briand and Fox Hollow have their own sales force that is individually responsible for booking social events at their facility only and a separate group of staff who are responsible for booking corporate events at their facility only. [4] (Wright Aff., ¶6; Gerin Aff., ¶3; Tallerico Aff. ¶3, 7).  The Sales Managers at the Inn are responsible for booking small corporate and social events.  (Waters Aff., ¶7).

---

[4] The manner in which corporate events and social events typically are booked is different.  With regard to social events (i.e. weddings, bar mitzvahs, birthday parties, etc.), salespersons generally meet with the customers in person, prepare handwritten estimates in which they outline all of the charges while describing them to the customer and then later prepare contracts in the event that the customer elects to book the affair. (Wright Aff at ¶¶ 9-14; Gerin Aff. at ¶¶ 3-12); Tallerico Aff. ¶5-7).

3

The following represents an outline and summary of the sales personnel responsible for booking both social and corporate events:

|  | Fox Hollow | Chateau Briand | The Inn |
|---|---|---|---|
| General Manager | Michael Maurantonio | Thomas Wright | Daniel Waters |
| Director of Sales (Social) | David Gerin | Thomas Wright | None |
| Director of Sales (Corporate) | Gennaro Tallerico | Joseph Mandaro | None |
| Sales Staff | 7 | 12 | 5 |

(Wright Aff., ¶¶1, 2, 6; Maurantonio Aff., ¶2; Gerin Aff., ¶¶2, 5; Waters Aff., ¶2, 7; Tallerico Aff. ¶3).

Between September 27, 2005 and December 31, 2011, the sales staff at Fox Hollow booked approximately 8,000 social and corporate events to be held at Fox Hollow. (Maurantonio Aff., ¶6; see also, Gerin Aff., ¶24). For that same period the sales staff at Chateau Briand booked more than 5,000 social and corporate events to be held at Chateau Briand. (Wright Aff., ¶11). The sales staff at The Inn booked approximately 2,400 corporate events to be held at The Inn. (Waters Aff., ¶9).

## LEGAL ANALYSIS

**I.   A COLLECTIVE ACTION IS NOT APPROPRIATE SINCE DEFENDANTS ARE NOT A JOINT EMPLOYER AND THERE WAS NO COMMON POLICY OR PLAN**

Plaintiff has not presented any legal or factual basis to hold Defendants jointly liable. The complaint is devoid of any allegation that the Defendants act together in any manner whatsoever, it merely lumps them all together and calls them "Scotto Bros." The three corporate Defendants are separate entities. Each catering facility is owned by a separate corporate entity and the hotel is owned by a corporate entity separate from the other corporations. The Affidavits

4

submitted by Plaintiff in support of his motion make no allegation that any employee worked simultaneously for Fox Hollow and any other facility.

Plaintiff must at least provide evidence that the proposed class members are similarly situated, in that they are the "victims of a common policy or plan that violates the law." See, Rubery v. Buth-Na-Bodhaige, Inc., 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2008) (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Here, Plaintiff must prove that there is a common policy at issue that violated the FLSA during the relevant time period. See, Jackson v. New York Telephone Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995). Thus, the plaintiff's "factual showing cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) (internal quotations omitted).

Specifically, in order to lump all the defendants together as some kind of joint employer, plaintiff would first have to provide admissible evidence that each of the defendants, with respect to all purported similarly situated employees: (1) had the power to hire and fire; (2) supervised and controlled the work schedules or conditions of employment; (3) determined rate and method of payment of salary; and (4) maintained employment records. Herman v. RSR Sec. Services Ltd., 172 F.3d 132 (2d Cir. 1999). Plaintiff fails to meet this burden. Moreover, Plaintiff also fails to set forth any evidence that Anthony Scotto was sufficiently involved in day to day operations or any labor issues to be deemed a joint employer with the other Defendants. In fact, the day to day operations of each facility are controlled by the respective General Managers. (Wright Aff., ¶1; Waters Aff., ¶2; Maurantonio Aff., ¶2). There is simply no basis to deem all defendants as a joint employer. Therefore, a single action against multiple defendants may not be certified.

Plaintiff attempts to bring his claim within the ambit of a "class" by advancing the position that there allegedly existed a uniform policy created together by Defendants to refuse to pay Sales Managers overtime pay for hours worked in excess of 40 hours per week. This argument fails due to the fact that Sales Managers are properly classified as exempt employees and thus not entitled to overtime pay. (Wright Aff., ¶9; Waters Aff., ¶7; Gerin Aff., ¶14). Moreover, each of the facilities operate as a separate and distinct entity and do not share employees, management, or policies. (Wright Aff., ¶¶4, 5, 7; Waters Aff., ¶¶4, 6; Maurantonio Aff., ¶¶2, 4, 5). Plaintiff's mere conclusory allegations and failure to show any common policy or plan are insufficient to warrant a grant of conditional certification. See, Morales v. Plantworks Inc., 2006 WL 278154 (S.D.N.Y. 2006) (denying conditional certification based upon plaintiffs' conclusory allegations and failure to show a common policy or plan).

Even assuming that plaintiff's affidavits established that Defendants followed similar policies with regard to compensation of its Sales Managers, plaintiff has not made the necessary showing that these actions were a reflection of a common policy, maintained by all defendants, in violation of the FLSA. See id. Plaintiff fails to assert any common practices, management, employees or any other factor that would even offer a slight indication that the Defendant facilities are connected. Plaintiff cannot establish that there was a single policy or even common practices at the facilities. Rather, all the facilities are separately owned and are operated by different staff and management. See, Barfield v. New York City Health & Hospitals Corp., 2005 U.S. Dist. LEXIS 28884 (S.D.N.Y. 2005) (denying certification where plaintiff provided "nothing but limited anecdotal hearsay to suggest that there is widespread practice"); Diaz v. Electronic Boutique of America, Inc., 2005 U.S. Dist. LEXIS 30382, (W.D.N.Y. 2005) (denying conditional certification where, *inter alia*, plaintiff's allegation that time sheets were altered to avoid paying overtime were not alleged to have been at the direction of management or pursuant

to a policy or practice, and where there was no indication that plaintiff submitted a supporting affidavit or identified any other potential member of the class); see also, Moeck v. Gray Supply Corp., 2006 U.S. Dist. LEXIS 511 (D.N.J. 2006).

Critically, the demonstration by Plaintiff of some evidence of such a common policy to violate the law is significant in this case given that Defendants are three distinct New York corporations and that Defendants vigorously dispute plaintiff's characterization of Defendants as a joint employer under the FLSA. Compare, Ayers v. SGS Control Servs., Inc., 2004 WL 2978296, at *4 (S.D.N.Y. 2004) (granting leave to file notice of pendency where, in addition to "substantial allegations by plaintiffs that defendants' actions violated the FLSA," record included "an admission by defendants that such actions reflect a company-wide policy"). By contrast, in the matter at hand, Defendants dispute Plaintiff's claims that Defendants operate as a single entity. Since the Defendants' status as a joint employer has not yet been resolved, plaintiff must present some evidence to show that Defendants maintained a common scheme or policy to violate the law before this Court can grant collective action certification under § 216(b). See, Ayers supra. Plaintiff has not met this burden.

## II.   IF THE COURT FINDS A COLLECTIVE ACTION IS APPROPRIATE, IT SHOULD BE LIMITED TO THE EMPLOYEES OF FOX HOLLOW

The evidence clearly demonstrates that Plaintiff was employed only at Fox Hollow during the relevant time period. In the event this Court determines that there is no joint employer status, it would be inappropriate for this litigation to continue against all of the named Defendants given the fact that they are separate entities. See, Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 355–56 (E.D.N.Y. 2008) (denying certification of a class that included employees at locations other than the location where plaintiff was employed based on a lack of evidence that any unlawful policy extended beyond the store where plaintiffs worked).

Plaintiff has not established any relationship to any Defendant other than Fox Hollow. Furthermore, Plaintiff has failed to produce any other similarly-situated members of a potential class or supporting affidavits of any potential class member. Accordingly, Plaintiff does not have standing to maintain an action against Chateau Briand or The Inn and therefore is not an appropriate representative of employees employed by wholly separate companies. If the Court deems that a collective action is appropriate against Fox Hollow, the Notice of Wage and Hour Lawsuit and the Proposed Publication Order should be against Fox Hollow only and the litigation should be dismissed as against all other Defendants. See, Laroque supra.

### III.  PLAINTIFF'S ALLEGATIONS ARE UNSUPPORTED BY FACTS AND ITS MOTION MUST BE DENIED IN ITS ENTIRETY

Courts in the Second Circuit utilize a two-step process to determine whether conditional class certification is proper. See, e.g., Guzman v. VLM, Inc., 2007 WL 2994278 (E.D.N.Y. 2007). At the initial step, a plaintiff must provide some factual basis from which the Court can determine if similarly situated potential opt-in plaintiffs exist. See, e.g., Espinoza v. 953 Associates, LLC, 2011 WL 5574895 at *5 (S.D.N.Y. 2011). This "modest factual showing," however, "cannot be satisfied simply by unsupported assertions." Rosario v. Valentine Avenue Discount Store, Co., Inc., 828 F. Supp.2d 508, (E.D.N.Y. 2011), quoting Doucoure v. Matlyn Food, Inc., 554 F.Supp.2d 369 (E.D.N.Y. 2008). At the second step, a Court undergoes a more stringent factual analysis in determining whether the collective action members are, in fact, similarly situated. See, e.g., Pippins v. KPMG, LLP, 2012 WL 19379 at *5 (S.D.N.Y. 2012).

In this case, the Plaintiff has clearly failed to allege facts demonstrating that he is similarly situated to potential opt-in plaintiffs. Notably, he has failed to include as part of his motion papers a declaration or affidavit from even one other potential plaintiff. This precludes the Court from determining that a "factual nexus" binds the Plaintiff and the Fox Hollow's,

8

Chateau Briand's or The Inn's employees. The factual allegations made by Plaintiff are woefully inadequate, even given the relatively lenient evidentiary standard for a motion under § 216(b).

Despite the "modest" standard, it is still customary for a plaintiff to submit in conjunction with his motion, the declarations or affidavits, for example, of potential opt-in plaintiffs who attest as to the common factual nexus they potentially share with the named plaintiff. See, e.g., Pippins, supra (motion for conditional certification by tax audit associates supported by affidavits of other tax audit associates); see also Guzman, *supra* (motion for conditional certification by bakery employees supported by affidavits of other bakery employees who performed similar tasks and had similar job duties). Courts in this Circuit will consider the statements and/or affidavits of potential opt-in plaintiffs to determine whether they corroborate the claims of the named plaintiff in a potential class action under § 216(b). See Espinoza, *supra* at *3-4.

While the affidavits of similarly-situated members of a potential class are not procedurally necessary to support a motion for conditional certification under § 216(b), the corroborating testimony of similarly situated FLSA potential opt-in plaintiffs provides a basis for a court to determine whether a plaintiff has established a colorable claim that entitles it to proceed for collective action certification under § 216(b). See id. at *8-9.

Plaintiff submits a brief, factually lacking affidavit of the Plaintiff and two boiler plate affidavits of other employees, who were not members of the potential class and offer only hearsay statements. In this case, Plaintiff's failure to submit corroborating affidavits is particularly damaging in light of the fact that the Defendants are not a "single employer" and all the facilities are owned and operated separately. In the absence of corroborating declarations or affidavits of similarly-situated potential opt-in plaintiffs, Plaintiff's unsupported allegations

9

impermissibly require this Court to make a determination on his motion on the basis of "unsupported assertions" alone. Rosario v. Valentine Avenue Discount Store, Co., Inc., 2011 WL 5244965 at *4 (E.D.N.Y. 2011). As such, the Court must deny Plaintiff's motion in its entirety.

## IV. PLAINTIFF'S PROPOSED NOTICE PERIOD IS OVERBROAD

If the Court is inclined to grant conditional certification, the notice should have a two (2) year window, not three (3) years as requested by Plaintiffs. The statute of limitations under the FLSA is two (2) years, unless the employer's violation was "willful," in which case it is three (3) years. 29 U.S.C. § 255(a). A violation of the FLSA is willful where "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1998). The burden of showing that the employer's alleged violation of the FLSA was willful is on the plaintiff seeking to invoke the extended statute of limitations. See, e.g., Walton v. United Consumers Club, Inc., 786 F.2d 303, 308 (7th Cir. 1986). While Plaintiffs' pleading and motion assert the violations were willful, no facts are alleged supporting this legal conclusion. Accordingly, if the Court grants conditional certification the notice should be limited to the standard FLSA limitations period of two (2) years.

## **CONCLUSION**

In light of the foregoing, it is respectfully submitted that the Plaintiff has failed to provide this Court a basis upon which it could determine that potential opt-in plaintiffs are "similarly situated" to Plaintiff, or that there is a factual nexus between the duties performed by Plaintiff and Defendants' other employees.

For all these reasons, it is respectfully submitted that this Court must deny Plaintiff's motion in its entirety.

DATED:   Uniondale, New York
             July 3, 2012

                                      Yours, etc.,
                                      RIVKIN RADLER LLP
                                      Attorneys for Defendants

By:              /s/
          Regina E. Faul (REF 7647)
          926 RXR Plaza
          Uniondale, NY 11556-0926
          (516) 357-3000
          Regina.faul@rivkin.com

2623198 v3