UNITED STATES FEDERAL COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM GAZERRO, individually and on behalf of all other persons similarly situated who were employed by SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC., SCOTTO BROS. RESTAURANT, WESTBURY, INC., and D.V.V.A. CARLE PLACE RESTAURANT, INC., and/or other entities affiliated or controlled by SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC., SCOTTO BROS. RESTAURANT, WESTBURY, INC., and D.V.V.A. CARLE PLACE RESTAURANT, INC., and ANTHONY SCOTTO, individually<br><br>                                                            Plaintiff,<br><br>- against -<br><br>SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC., SCOTTO BROS. RESTAURANT, WESTBURY, INC., and D.V.V.A. CARLE PLACE RESTAURANT, INC., and/or other entities affiliated or controlled by SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC., SCOTTO BROS. RESTAURANT, WESTBURY, INC., and D.V.V.A. CARLE PLACE RESTAURANT, INC., and ANTHONY SCOTTO, individually,<br><br>                                                            Defendants. | No.: 11-cv-4701 (JS)(WDW) |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is between WILLIAM GAZERRO ("Plaintiff"), and defendants SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC., SCOTTO BROS. RESTAURANT, WESTBURY, INC., and D.V.V.A. CARLE PLACE RESTAURANT, INC. and ANTHONY SCOTTO, their agents, representatives, heirs, assignees, executors, and beneficiaries, known collectively as the ("Defendants").

WHEREAS, Plaintiff have filed a lawsuit entitled *Gazerro, v. Scotto Bro. et al.*, 11-cv-4701 in the Eastern District of New York (the "Lawsuit"), alleging that Defendants failed to pay Plaintiff all earned overtime compensation pursuant to the Fair Labor Standards Act and New York Wage and Hour Law;

WHEREAS, in order to avoid the costs and uncertainties of continued litigation, the parties wish to resolve and settle all claims relating to hours of work, wages, and overtime that have been or could be asserted by Plaintiff;

WHEREAS, the Parties, through their counsel, represent that they have conducted a thorough investigation into the facts and legal authorities relevant to the Lawsuit and, having diligently investigated the claims in the Lawsuit, are of the opinion and belief that the settlement

between the Parties is fair, reasonable, adequate and in the best interests of all in light of all known facts and circumstances, including the considerable expense of discovery and litigation, defenses asserted by Defendants, uncertainty of the result through continued litigation and appeal, and the risks of delay and an adverse judgment;

WHEREAS, Defendants made an offer of judgment pursuant to Rule 68, then Plaintiff accepted that offer; however, pursuant to Judge Seybert's May 17, 2013 Order, the parties now memorialize that agreement;

THE PARTIES NOW AGREE as follows, in consideration for the mutual promises set forth herein:

1. Defendants have made a payment totaling $25,000.00 to Plaintiff's counsel.

2. The litigation will be dismissed with prejudice as to Plaintiff.

3. Plaintiff voluntarily, knowingly, irrevocably and forever discharges Defendants from any claims, demands, causes of action, obligations, damages, liabilities, expenses and controversies related to Plaintiffs' complaint and this Lawsuit, including claims or allegations made pursuant to the Fair Labor Standards Act ("FLSA").

4. Plaintiff represents and agrees that he fully understands his right to discuss all aspects of this Settlement Agreement with his attorneys, that to the extent desired he has availed himself of this right, that Plaintiff fully understands the provisions of this Settlement Agreement, and that he is voluntarily entering into this Settlement Agreement.

5. This Settlement Agreement is the complete agreement between the parties regarding the Lawsuit and the settlement of the Lawsuit. The parties represent that no promise or representation, written or oral, has been made in connection with this settlement that is not contained in this Settlement Agreement.

6. This Settlement Agreement may be executed in one or more actual or facsimile counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

7. Plaintiff has read Settlement Agreement and understands the terms of this Settlement Agreement.

By their signatures below, the Parties agree to the terms of this Settlement Agreement and represent that they are doing so freely and voluntarily and without coercion or duress.

_____        6/24/13
William Gazerro

STATE OF NEW YORK )
                  )SS.:
COUNTY OF Nassau  )

On June 24, 2013 before me personally came to me William Gazerro, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement, and duly acknowledged to me that he executed the same.

_____
Notary Public

MICHAEL ALEXANDER TOMPKINS
Notary Public - State of New York
NO. 02TO6242480
Qualified in Nassau County
My Commission Expires 5/31/15

**For Defendants:**

_____
By: Anthony Scotto, Individually and on behalf of Defendants

STATE OF NEW YORK )
                  )SS.:
COUNTY OF         )

On _____, 2013 before me personally came to me _____, known and known to me to be a Member of SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC., SCOTTO BROS. RESTAURANT, WESTBURY, INC., and D.V.V.A. CARLE PLACE RESTAURANT, INC the companies described in, and who executed the foregoing Settlement Agreement, and duly acknowledged to me that he executed the same and has authority to execute same.

_____
Notary Public

**Counsel:**

_____                          _____, 2013
Regina Faul, Esq.
RIVKIN RADLER LLP
*Counsel for Defendants and Anthony Scotto*

_____                          _____
Lloyd Ambinder, Esq.

**For Defendants:**

_____
By: Anthony Scotto, Individually and on behalf of Defendants

STATE OF NEW YORK )
                  )SS.:
COUNTY OF NASSAU  )

On JUNE 25th, 2013 before me personally came to me ANTHONY SCOTTO, known and known to me to be a Member of SCOTTO BRO. WOODBURY RESTAURANT, INC., WOODBURY PARTNERS, LLC., SCOTTO BROS. RESTAURANT, WESTBURY, INC., and D.V.V.A. CARLE PLACE RESTAURANT, INC the companies described in, and who executed the foregoing Settlement Agreement, and duly acknowledged to me that he executed the same and has authority to execute same.

_____
Notary Public

MICHELE M RASCONA
Notary Public, State of NY
Qualified in Nassau County
No. 01RA5055854 Expires 3/11/2014

**Counsel:**

_____   June 25, 2013
Regina Faul, Esq.
RIVKIN RADLER LLP
Counsel for Defendants and Anthony Scotto

_____   6/25/13
Lloyd Ambinder, Esq.
VIRGINIA & AMBINDER, LLP
Counsel for Plaintiff

-4-